United States District Court
Southern District of Texas
ENTERED
JUL 22 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUL 20 1998
Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS - BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| THOMAS A. GALLOWAY, JR. AND YOLANDA GALLOWAY, | § § § | |
| VS. | § | CIVIL ACTION NO. B-97-021 |
| PEDRO DELGADILLO, TIM ALFORD AND TOWN OF LAGUNA VISTA | § § § § | |

## MEMORANDUM AND ORDER

According to their Original Complaint, Thomas and Yolanda Galloway ("The Galloways"), residents of Brownsville, Texas, were driving along Highway 100 in Cameron County, Texas, on July 24, 1996, a Sunday afternoon. The Galloways claim that a police car belonging to the Town of Laguna Vista, Texas ("The Town"), and driven by Pedro Delgadillo ("Sergeant Delgadillo"), a Laguna Vista police sergeant, drove recklessly almost causing an accident. The Galloways drove to the Laguna Vista town hall to report this incident. Finding the town hall closed, the Galloways left. They returned later and saw Sergeant Delgadillo sitting in the police car. Mr. Galloway went up to the car and told Sergeant Delgadillo that he wanted a look at him so he could identify him for purposes of making a complaint.

Sergeant Delgadillo got out of the car and arrested Galloway. During the arrest, Galloway received injuries to his wrist and chest. Mrs. Galloway told the officers (by this time officer Tim Alford ("Officer Alford") had arrived on the scene) that Mr. Galloway was a sick man. She was pushed away and threatened with arrest.

Mr. Galloway was arrested and taken to Port Isabel, a few miles away. He was charged with assaulting a police officer and released on bond.

Sergeant Delgadillo tells a different tale. He says that Mr. Galloway stalked him, running him to ground by the side of the highway and pushing him.

## THE SUIT

The Galloways have sued The Town, Sergeant Delgadillo and Officer Alford claiming violations of various federal constitutional rights and seeking damages under 46 U.S.C. § 1983. They also have state law claims.

## THE MOTION FOR SUMMARY JUDGMENT

In a Motion for Summary Judgment, Sergeant Delgadillo and Officer Alford raise a qualified immunity claim. The Town states that it has no "policy or practice" which would violate the Galloway's constitutional rights, that the Galloways have not stated claims for relief, and that the officers did not violate the Galloway's right to be free from excessive force or false arrest.

## ORDER

There are substantial fact disputes with respect to the events which led to Mr. Galloway's arrest and injuries. The outcome of these fact disputes will affect the outcome of the case. *Anderson v. Liberty*, 477 U.S. 242 (1986).

## QUALIFIED IMMUNITY

Officer Alford and Sergeant Delgadillo raise the defense of qualified immunity to the Galloway's claims. The most recent Fifth Circuit teaching on this issue is found in the case of *Petta v. Rivera*, 133 F.3d 330 (5th Cir. 1998). What emerges from that case is the standard

against which the conduct in this case is measured. That standard is whether or not the conduct of the officers at the time of the arrest was objectively reasonable in light of clearly established law. *Petta* p. 334.

In this case, the answer to that inquiry depends upon a factual determination. If the Galloway's story is believed, then the conduct of the officers was unreasonable. If Sergeant Delgadillo's story is believed, then the conduct of the officers was proper. For this reason the Motion for Summary Judgment in so far as it is based on qualified immunity is **DENIED**.

## LIABILITY OF THE TOWN OF LAGUNA VISTA, TEXAS

The Town is governed by a mayor and board of aldermen. The Galloways argue that Sergeant Delgadillo was the *de facto* policy maker, because the mayor who resides in the town during the winter and the aldermen have abdicated their role as policy maker and turned it over to Sergeant Delgadillo. The Town argues that Sergeant Delgadillo could not be the *de facto* policy maker. The Town seems to be claiming that even if the mayor and aldermen have abdicated their authority, Sergeant Delgadillo could not, as a matter of law, be the policy maker for the purposes of § 1983 liability.

The Town has an obligation to supervise its employees. If this task is undertaken "... in a manner that manifests deliberate indifference to the constitutional rights of its citizens." *Doe v. Taylor,* 15 F.3d 443, 453 (5th Cir. 1994) The Town can be held liable under § 1983. The Mayor in his deposition (p. 41 lines 12-23) conceded that Sergeant Delgadillo made policy decisions for the police department. Officer Alford testified that he resigned from the department because of Sergeant Delgadillo's method of enforcing the traffic laws which Officer Alford believed to be excessive.

3

The liability of The Town is, admittedly, a close question. It may be as the evidence unfolds and the positions of the parties are developed more fully that The Town may not be liable under § 1983. However, its Motion for Summary Judgment is **DENIED**.

## MRS. GALLOWAY'S CLAIMS

Mrs. Galloway was never arrested. The only evidence of any untoward activity involving her is her own testimony (Yolanda Galloway Deposition pp. 53-56) was her being pushed or bumped while Mr. Galloway was being arrested. The Motions for Summary Judgment with respect to her claims are **GRANTED**.

The Clerk of the Court shall send copies of this Memorandum and Order to counsel for all parties.

DONE at Brownsville, Texas, this 20th day of July 1998.

_____
John Wm. Black
United States Magistrate Judge